IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CRIMINAL NO. 05-30014-GPM |
| ) | |
| BRIAN GREER, ) | |
| ) | |
| Defendant. ) | |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

On April 17, 2006, Defendant Brian Greer was sentenced to a total term of imprisonment of 183 months for controlled substance and firearms offenses. Greer's sentence was reduced to a total term of 171 months under the retroactive amendments to the crack cocaine sentencing guideline. His sentence thereafter was reduced to a total term of 110 months pursuant to Federal Rule of Criminal Procedure 35. In January 2010, Greer filed a motion asking for an additional reduction of sentence to eliminate any disparity between crack and powder cocaine and asking the Court to hold his motion in abeyance until pending legislation is passed by Congress.

This Court has done all it is authorized to do in adjusting Defendant Greer's sentence. The Supreme Court recently held that 18 U.S.C. § 3582(c)(2) does not authorize a resentencing; therefore, the sentencing court is not authorized to sentence Greer below the amended guideline range, except to the extent that he was given the benefit of the Rule 35 reduction. *See Dillon v. United States*, No. 09-6338, 2010 WL 2400109 (U.S. June 17, 2010); *see also United States v. Cunningham*, 554 F.3d 703 (7th Cir.), *cert. denied* 129 S. Ct. 2826 and 129 S. Ct. 2840 (2009).

There is no basis for this Court to reserve ruling on the motion now pending: it is not certain that any pending legislation will become law nor that, if it does, such new law will apply retroactively.

Accordingly, Greer's motion for an additional sentence reduction (Doc. 60) is **DENIED**.[1]

**IT IS SO ORDERED.**

DATED: 06/23/10

                                             s/ *G. Patrick Murphy*
                                             G. PATRICK MURPHY
                                             United States District Judge

---

[1] The Court does not consider this motion to be functionally a motion under 28 U.S.C. § 2255; therefore, the Court need not warn Greer before treating it as such to allow him an opportunity to withdraw it. *See, e.g., United States v. Rollins*, No. 09-2293, 2010 WL 2292182, at *4 (7th Cir. June 9, 2010); *Carter v. United States*, 312 F.3d 832, 833 (7th Cir. 2002).